DANIEL S. LAWRENCE *vs*. HOLYOKE INSURANCE COMPANY.

If it is provided in by-laws which are a part of a contract of insurance that "when any property shall be alienated, by sale or otherwise, the policy thereupon shall be void," and the insured, after mortgaging the property and assigning the policy with the consent of the insurers, conveys the equity of redemption without such consent, the policy thereupon becomes void.

CONTRACT upon a policy of insurance issued by the defendants to Ranney & Morse, by whom it was assigned, with the consent of the defendants, to Mrs. Laura M. Pelton, on the 1st of April 1858, who thereupon gave to the defendants her premium note for the same. It was provided in the by-laws of the defendants, which were made part of the contract between the parties, that "when any property shall be alienated, by sale or otherwise, the policy thereupon shall be void."

At the trial in the superior court, before *Ames*, J., it appeared that Mrs. Pelton, after giving to the defendants her premium note as aforesaid, mortgaged the property and assigned the policy to Ranney & Morse, who assigned the mortgage and policy to James L. Mills, who assigned them to the plaintiff — all with the defendants' written consent. It also appeared that in December 1859 Mrs. Pelton and her husband conveyed the premises to Sally Hill, who in February 1861 conveyed them to Mary M. Ladd ; and no notice of these two conveyances was ever given to the defendants.

Upon this evidence, the judge directed a verdict for the de-fendants, which was accordingly rendered; and the plaintiff alleged exceptions.

*G. A. Somerby,* for the plaintiff, cited *Foster* v. *Equitable Ins. Co.* 2 Gray, 216 ; *Fogg* v. *Middlesex Ins. Co.* 10 Cush. 345.

*S. B. Ives, Jr. & C. H. Hill,* for the defendants, cited *Edes* v. *Hamilton Ins. Co.* 3 Allen, 362, and cases cited; *Loring* v. *Manuf. Ins. Co.* 8 Gray, 28; *Bowditch Ins. Co.* v. *Winslow,* 3 Gray, 415; *Sanford* v. *Mechanics' Ins. Co.* 12 Cush. 541.

CHAPMAN, J. The authorities cited are decisive of the question presented in this case. When Mrs. Pelton gave her premium note, after the assignment of the policy to her, she became the " insured." She afterwards mortgaged the property and assigned the policy to the mortgagee, and he assigned both the mortgage and the policy to the plaintiff, and the assent of the company was given to these assignments. But neither Mills nor the plaintiff gave to the company a premium note, and therefore did not become the " insured " within the meaning of the policy. They were merely assignees of the policy, and entitled to the money to be paid in case of loss. Mrs. Pelton continued to hold the relation of the " insured " to the defendants, she being the owner of the equity of redemption, and therefore the plaintiff was affected by her subsequent acts. She conveyed the property to Hill, and he conveyed it to Ladd. These were alienations of the property, and by the terms of the policy it was thereby made void. *Exceptions overruled.*